## No. XXI.

JAMES KNIGHT ET AL. V. GEORGE HUFF, ADMINISTRATOR, ETC.

*Appeal from Austin County.*

SCURRY, JUSTICE.—The petition in this case recites that John Dinsmore, James Cochran, surviving partner of Walter C. White, deceased, and W. D. C. Hall, jointly and severally promised to pay the said George Huff, administrator of Samuel Sawyer, deceased, the sum of $635. The instrument of writing upon which the said action is founded bears date the 15th day of November, 1835. It appears from the facts of this case that said Samuel Sawyer, on the 10th day of November, 1832, promised in writing to pay W. C. White & Co., on demand, the amount which might fall due to the said White & Co. from the estate of Lewis L. Vieder, deceased. It appears that by a settlement made before L. Lassassua, alcalde of the municipality of Austin, on the 10th day of May, 1833, between George B. McKinstry, administrator of the estate of the said Lewis L. Vieder, and the said Walter C. White for himself and company, that the estate of the said Lewis L. Vieder fell in debt to the said Walter C. White & Co. in the sum of $427.10, which determined the nature and amount of the said demand; which said demand was transferred by the said Walter C. White for himself and company to George Huff, administrator of the estate of the said Samuel Sawyer, on the 24th January, 1834.

From the testimony of J. H. Money and J. Benton Johnson, the chief justice and clerk of the county of Austin, it appears that George Huff, administrator of the estate of the said Sawyer, on the 24th day of August, 1838, exhibited his petition, praying that certain papers in possession of the estate of Wm. Barrett Travis, deceased, were material to the administration of the estate of the said Sawyer and in nowise connected with the estate of the said Travis, and among others the obligation of Sawyer of the 10th of November, 1832, which was delivered to Huff, as administrator of the said Sawyer in accordance with the prayer of the said petition.

---

lish v. Helms, 4 T., 228; Read v. Levy, 30 T., 738. The first section of Act of 1840 was restraining, and confined to instruments for conveyance of estates of inheritance or freehold or for a term of more than five years, and the intent to seal was sufficient, if expressed in any part of the instrument not within the purview of this section. English v. Helms, 4 T., 228; Clayton v. Pridgen, 8 T., 308; Conner v. Autrey, 18 T., 427; Muckleroy v. Bethany, 23 T., 163; Muckleroy v. Bethany, 27 T., 551; Richarz v. Wolcken, 34 T., 102. Under Act

From the testimony of Ira R. Lewis it seems that the note on which this action was founded was given by the appellants, White and Hall, at the succession sale of the said Sawyer, deceased (White signing the note for himself, Dinsmore and Cochran), for cattle purchased by the said White and Hall; and Lewis states that when called upon for a settlement of estates between Huff and himself—one as administrator of the estate of Vieder and the other of the estate of Sawyer—that Huff had Vieder's estate charged with the judgment of Walter C. White & Co., "and said that he had paid it with the note given for cattle purchased at the succession sale, before named," and that it was then a claim in his (Huff's) hands as administrator of the estate of Sawyer against Vieder's estate. The verdict of the jury was for the full amount of the note sued upon without interest.

The only question for the court to decide upon is whether the amount recovered against Sawyer as administrator of the said Vieder is a good set-off against the demand of Huff, as administrator. The court is of opinion that it is. The nature of the first obligation to Sawyer is uncertain; but is determined by the settlement made before Lassassua on the 10th of May, 1833. Huff, as administrator of Sawyer, on the 24th of August, 1838, by petition to the chief justice of Austin County and order of the probate court of said county came in possession of the obligation from Sawyer to White and White & Co., of the date of November 10, 1832, and from the testimony of the said Lewis it appears that he had charged the estate of the said Vieder with the identical amount of the said settlement of the 10th of May, 1833, which he said he had paid with the note "given for cattle at the succession sale of Sawyer in November, 1833." This testimony determines the nature of the suit. It is evident that when the purchase of the cattle was made in 1833, and the transfer of the amount due on settlement in May, 1833, in January, 1834, that the intention of the parties was that the amount of the settlement given in favor of White and White & Co. should be deducted from the amount of the note now sued upon, and therefore the court are of opinion that the offset should have been allowed and that there was error in the court below in not allowing the offset, and that judgment be rendered for the appellee for the sum of $207.90, and be taxed with the cost of this appeal.

---

of 1840, contracts to transfer land certificates and headright claims were not required to be under seal. Randon v. Barton, 4 T., 289; Bledsoe v. Cains, 10 T., 455. It was not necessary for an obligation to pay money, nor its assignment, to be under seal. Durst v. Swift, 11 T., 273; Jones v. Holliday, 11 T., 412; Holman v. Criswell, 13 T., 38. Nor was it necessary for a contract to sell land to be under seal. Miller v. Alexander, 8 T., 36; Holman v. Criswell, 13 T., 38; Fisk v. Miller, 13 T., 224; Eckhart v. Reidel, 16 T., 62; Martin v. Weyman, 26 T., 460; Courand v. Vollmer, 31 T., 397; Wright v. Lancaster, 48 T., 250, 256; Downs v. Porter, 54 T., 59, 64. A deed without seal or scroll was admissible in evidence to show equitable title in vendee, and deed was entitled to record under section 7 of Act of 1840, though not under seal. Miller v. Alexander, 8 T., 36; Saunders v. Hartwell, 61 T., 679, 686; Tom v. Sayers, 64 T., 339; Frost v. Wolf, 77 T., 455. Act of February 3, 1841 (Gammel's Laws of Texas, vol. 2, p. 608), providing that "when a husband and wife have sealed," etc., was not applicable to sales of personal property. Stooks-